FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERNESTO AVINA ESPINOZA; JESUS BELLO PAREDES; JOSE RUTILO GAMBOA NÚÑEZ; LUCIA YUNUEN GAMBOA URBINA; MARIA LIBRADA ESPINOZA NICOLAS;<br><br>        Plaintiffs,<br><br>        v.<br><br>PERRAULT FARMS, INC.; JEFFREY PERRAULT; and JUDY PERRAULT AND STEVE PERRAULT, and the marital community thereof;<br><br>        Defendants. | No. 1:19-CV-03287-SAB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER** |

Before the Court is Plaintiffs' Motion and Memorandum for a Protective Order on Immigration Status Discovery for Nonparty Witnesses, ECF No. 17. The motion was considered without oral argument. Plaintiffs are represented by David Morales and Maria Dolores Velazquez. Defendants are represented by Brendan Monahan, Lance Pelletier, and Sarah Wixson.

**ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER** * 1

## Introduction

Plaintiffs allege that Defendants Perrault Farms, Inc., Jeffrey Perrault, and Judy and Steve Perrault ("Defendants") hired them as local seasonal farmworkers to work on Defendants' blueberry and hop harvests in early April 2017, but then fired them when the foreign H-2A workers Defendants had hired from Mexico arrived later that month. Plaintiffs are alleging that Defendants' actions violated H-2A requirements, which require employers to hire local workers over foreign workers if the local workers are able, qualified, and available to do the work. Plaintiffs also allege that Defendants breached their contracts by expecting Plaintiffs to perform at a faster rate than that listed in the contract, expecting Plaintiffs to perform tasks not listed in the contract, and discharging Plaintiffs without adequate warning or cause.

Plaintiffs are bringing three claims. First, Plaintiffs allege violations of the Migrant and Seasonal Agricultural Worker Protection Act, 28 U.S.C. §§ 1801 et seq. ("AWPA"). Plaintiffs allege that Defendants violated their working arrangement with Plaintiffs without justification and knowingly provided them false and misleading information regarding the terms and conditions of employment. ECF No. 1 at 2, 17. Second, Plaintiffs allege a state law breach of contract claim. Plaintiffs allege that Defendants materially breached their employment contracts by imposing minimum productivity requirements that were not listed in their H-2A contracts, failing to provide adequate cause for disciplinary actions, and failing to adhere to the disciplinary and firing procedures set out in the contract. *Id.* at 18. Finally, Plaintiffs allege violations of the Washington Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86.010 et seq. Plaintiffs allege that Defendants' failure to include specific production standards as a condition of continued employment in the contract, tell employees when they received disciplinary warnings, and tell Plaintiffs that they only needed workers for a few weeks were unfair and deceptive. Plaintiffs seek statutory damages under the

**ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER \* 2**

AWPA, expectation damages for breach of contract, treble damages under the CPA, and an injunction against Defendants under the CPA from disqualifying Plaintiffs and any workers from working at Perrault Farms in the future based on failure to complete the 2017 contract. *Id.* at 19-20.

Plaintiffs filed this present motion to seek a Rule 26 protective order prohibiting discovery regarding the immigration statuses of nonparty witnesses. Plaintiffs argue that this information is not relevant to any claims or defenses in this case and allowing discovery of this information would discourage nonparty witnesses from coming forward. ECF No. 17 at 2. Defendants argue that there is no need for the Court to grant Plaintiffs' request because Defendants have already agreed not to seek this information during discovery. ECF No. 22 at 2.

## Legal Standard

Federal Rule of Civil Procedure 26(b) allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense." But, despite the general liberal policies of the federal discovery rules, Rule 26(c) permits a court to enter a protective order "forbidding the disclosure or discovery" of information if a party demonstrates good cause for protecting that party from "annoyance, embarrassment, oppression, or undue burden or expense." Upon a finding that "particularized harm will result from disclosure of information to the public" a court must "balance[] the public and private interests [involved] to decide whether a protective order is necessary. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## Analysis

Plaintiffs filed this present motion to seek a protective order under Fed. R. Civ. P. 26(c) prohibiting discovery of nonparty witnesses' immigration statuses. Plaintiffs' requested protective order would prohibit Defendants from (1) inquiring into the immigration status of any nonparty witnesses and (2) posing immigration-related inquiries to any nonparty witnesses, including any questions or requests for

**ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER \* 3**

documents regarding immigration status, place of birth, national origin, immigration documents, passports, visas, social security numbers or statements, tax identification numbers or other tax information, and information from prior employers that may indicate immigration status. ECF No. 17 at 2-3. Plaintiffs argue that discovery of nonparty witness immigration status is not relevant to proving Plaintiffs' claims and that "such improper and invasive discovery would only serve to introduce unfair prejudice into the proceedings and discourage witnesses from testifying in Plaintiffs' meritorious civil rights action." *Id.* at 2. Defendants argue that there is no need for the Court to grant Plaintiffs' request for a Rule 26 protective order because Defendants already agreed that the immigration status of nonparty witnesses is irrelevant to this case, have represented to Plaintiffs that they would not seek this information through discovery, and indeed have not requested this information. ECF No. 22 at 2. Defendants also argue that, if the Court grants Plaintiffs' motion, the Court should clarify that Plaintiffs' protective order is only intended to protect *nonparty* witnesses and that Plaintiffs' claims are purely personal in nature, rather than intended to seek relief on behalf of unidentified nonparties. *Id.*

1. <u>Whether the Court should grant Plaintiffs' request for a Rule 26 protective order prohibiting discovery of the immigration status of nonparty witnesses</u>

    Substantively, there is no disagreement between the parties on this point. Both Plaintiffs and Defendants agree that (1) the immigration status of nonparty witnesses is not relevant to any claim or defense in this case and (2) inquiring into immigration status may have a chilling effect on nonparty witnesses' willingness to come forward. ECF No. 17 at 2; ECF No. 22 at 7. Instead, Defendants argue that "there is simply no dispute for this Court to resolve" because Defendants already agreed not to seek this information during discovery. ECF No. 22 at 2. Defendants claim that there is no basis for Plaintiffs' motion because Rule 26 only allows for a protective order after the parties have conferred in good faith to resolve the dispute

**ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER * 4**

1  without court action—and here, Defendants, argue, the parties have already
2  resolved the dispute. *Id.* at 4.

3  But Plaintiffs argue that it was *Defendants* who told them to file a motion for
4  a Rule 26 protective order to resolve this issue. Plaintiffs state that the parties,
5  through their attorneys, conferred in good faith about a stipulated protection order
6  on May 15, May 27, and June 5, 2020. ECF No. 17 at 2. After Plaintiffs presented
7  Defendants with a draft of the proposed order, Defendants responded on June 5:

> It is our understanding that the purpose of the proposed order is to articulate the parties' agreement (a) that the immigration status of third party witnesses is irrelevant to any claims or defenses and unlikely to lead to the discovery of admissible evidence and (b) not to seek this information in discovery or at deposition. If our understanding is correct, that can be handled through a Rule 26 motion for protective order. We will not oppose a motion for protective order that is consistent with these concepts, should your office file one.

ECF No. 24 at ¶ 5. Plaintiff subsequently filed their Motion for a Protective Order on September 4. ECF No. 17.

In order for the Court to grant a motion for a Rule 26 protective order, the moving party must show (1) they have in good faith conferred with the other party to resolve the dispute without court action and (2) good cause exists to grant the protective order, which includes to protect a person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Here, Plaintiffs have shown they did confer with Defendants in good faith about the best way to protect the immigration statuses of nonparty witnesses during the discovery process, and that Defendants told them to file a Rule 26 protective order. ECF Nos. 17, 24. Additionally, both parties agree that this information is not relevant to this litigation and that asking nonparty witnesses about their immigration status would impose an undue burden due to the potential chilling effect. ECF Nos. 17, 22. Thus, the

**ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER \* 5**

Court finds good cause to grant Plaintiffs' motion for a Rule 26 protective order.

2. <u>Whether Plaintiffs are entitled to seek more broadly applicable relief</u>

Because the Court can fully resolve Plaintiffs' motion based on the first point, the Court does not find it necessary to address the proper scope of Plaintiffs' requested relief at this time.

Accordingly, **IT IS ORDERED:**

1. Plaintiffs' Motion for a Protective Order on Immigration Status Discovery for Nonparty Witnesses, ECF No. 17, is **GRANTED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and provide copies to counsel.

**DATED** this 15th day of October 2020.



_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER * 6**